## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAIMLER AG**<br>**Mercedesstrasse 137**<br>**70327 Stuttgart**<br>**Germany**<br><br>     **a German Corporation**<br><br>     *Plaintiff,*<br><br>*v.*<br><br>**ONYX ENTERPRISES INT'L, CORP.**<br>**D/B/A CARID.COM**<br>**One Corporate Drive, Suite C**<br>**Cranbury, NJ 08512**<br><br>     **a New Jersey  Corporation**<br><br>     **Serve: Roman Gerashenko,**<br>            **Registered Agent**<br>            **One Corporate Drive, Suite C**<br>            **Cranbury, NJ 08512**<br><br>     *Defendant.* | **Civil Action No. _____** |

## COMPLAINT

COMES NOW, Plaintiff Daimler AG ("Daimler"), by counsel, to hereby file its Complaint for Damages and Declaratory Relief ("Complaint") against Defendant Onyx Enterprises Int'l, Corp. d/b/a CARID.COM ("CARiD"), and states as follows:

### NATURE OF THE ACTION

1.     This is a civil action for design patent infringement, trademark infringement, counterfeiting, false designation of origin, unfair competition, and related claims under federal and New Jersey State law resulting from: (i) CARiD's use of various trademarks owned by Daimler in

connection with the offer for sale, sale and distribution of wheels which are not authorized or sold by Daimler, and (ii) CARiD's offer for sale, sale and distribution of wheels which blatantly infringe issued design patents in various wheel designs that are owned by Daimler.

2.      Daimler's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, and under New Jersey State statutory and common law.  As a result of CARiD's conduct as alleged herein, Daimler seeks permanent injunctive relief and the recovery of actual damages, CARiD's profits, trebled damages, statutory damages, costs, attorneys' fees, and other relief as more fully set forth herein.

## THE PARTIES

3.      Plaintiff Daimler is a German corporation, having a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.  Daimler is a worldwide producer of premier luxury passenger automotive vehicles and parts therefor, including wheels.  Daimler is the owner of the patents and trademarks described herein, which it administers for the benefit of Daimler's U.S. subsidiaries and non-exclusive licensees.

4.      Defendant CARiD is a New Jersey corporation with its principal place of business at 1 Corporate Drive, Cranbury, New Jersey 08512. CARiD is in the business of selling automotive parts, including by online sales under the name CARID.COM via the website www.carid.com. CARiD's use of the name CARID.COM for "[r]etail and wholesale distribution of automotive accessories" is shown by the Registration of Alternate Name filed by CARiD, attached as Exhibit 1 hereto.

## JURISDICTION AND VENUE

5.      This action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 1 et seq. and 15 U.S.C. §§ 1051 et seq., respectively, and therefore this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (patent and trademark infringement). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over CARiD as a resident of this District, due to CARiD's principal place of business being located in this judicial district.  In addition, CARiD markets, distributes and/or sells infringing products throughout the United States, including to customers within this judicial district.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### Daimler and its Famous Brands and Products

8.      Daimler is a well known designer and manufacturer of premier luxury passenger automotive vehicles and parts therefor, including wheels.  Daimler and/or its predecessors in interest have designed and manufactured vehicles since 1886, and since 1926, have produced and sold worldwide, including in the United States through its wholly-owned U.S. subsidiaries, its vehicles and related parts under the distinctive Mercedes-Benz brand.  For almost 90 years, the Daimler Mercedes-Benz brand of vehicles has been and continues to be recognized worldwide, including in the United States.

9.      The Mercedes-Benz brand stands for supreme excellence in terms of products, technology and services.  In Fiscal Years 2013 and 2014 alone, Daimler's wholly owned

subsidiaries sold 663,000 Mercedes-Benz vehicles in the U.S.[1]  In 2015, Forbes ranked the

Mercedes-Benz brand 24th among the world's most valuable brands.[2]

### Daimler's Trademarks

10.    At least as early as 1900, Daimler and/or its predecessors in interest have

continuously and extensively employed the word mark MERCEDES in connection with

advertising and selling its luxury vehicles.  Since 1926, Daimler and/or its predecessors in interest

have continuously and extensively employed the word mark MERCEDES-BENZ in connection

with advertising and selling its luxury vehicles.  Since at least as early as 1926, Daimler and/or its

predecessors in interest have continuously and extensively employed the three point star design

inside the wreath as shown below in connection with advertising and selling its luxury Mercedes-

Benz vehicles:



11.    Daimler has protected its exclusive brand, innovative designs, and cutting-edge

technologies through a broad range of intellectual property rights, including federal and common

law trademark, and design patent rights.  In particular, Daimler owns all rights, title and interest in

the below federally registered trademarks, for which true and correct copies of the registration

certificates, and any applicable renewals and/or assignments are attached hereto as sub-parts of

Exhibits 2–20.

---

[1] https://www.daimler.com/company/business-units/mercedes-benz-cars/

[2] http://www.forbes.com/companies/mercedes-benz/

| Mark | U.S. Reg. No. | Goods/Services in Class 12 |
|---|---|---|
| **CL 65**<br>(Ex. 2) | 2,876,643 | Automobiles and their structural parts |
| **MERCEDES-BENZ**<br><br>(Ex. 3) | 657386 | Automobiles . . . and parts thereof. |
| **MERCEDES-BENZ GENUINEPARTS**<br><br>(Ex. 4) | 3,259,691 | Wheels |
| <br>(Ex. 5) | 285,557 | Wheels |
| **MERCÉDÈS**<br>(Ex. 6) | 41,127 | Motor-cars |
| **SL 63**<br><br>(Ex. 7) | 2,909,827 | Automobiles and parts thereof |
| **C-CLASS**<br><br>(Ex. 8) | 2,712,292 | Automobiles |
| **CL-CLASS**<br><br>(Ex. 9) | 2,028,111 | Automobiles |
| **CLS-CLASS**<br><br>(Ex. 10) | 2,699,216 | Automobiles and structural parts therefor |

| Mark | U.S. Reg. No. | Goods/Services in Class 12 |
|---|---|---|
| **S-CLASS** (Ex. 11) | 2,716,842 | Automobiles |
| **E-CLASS** (Ex. 12) | 2,599,862 | Automobiles |
| **G-CLASS** (Ex. 13) | 2,028,107 | Automobiles |
| **CLA-CLASS** (Ex. 14) | 4,669,601 | Automobiles and their structural parts |
| **SL-CLASS** (Ex. 15) | 3,103,610 | Automobiles and structural parts thereof |
| **CLK-CLASS** (Ex. 16) | 2,028,112 | Automobiles |
| **GLK-CLASS** (Ex. 17) | 3,100,860 | Automobiles and their structural parts |
| **SLK-CLASS** (Ex. 18) | 2,026,254 | Automobiles |
| **M-CLASS** (Ex. 19) | 2,815,926 | Automobiles |
| **R-CLASS** (Ex. 20) | 3,221,423 | Automobiles and their structural parts |

12.     The registered and common law marks referenced in paragraphs 10 and 11 above are hereinafter collectively referred to as the "DAIMLER Marks."

13.     Daimler's use in commerce of the DAIMLER Marks started prior to any use thereof that may be claimed by CARiD.

14.     Daimler has expended millions of dollars in advertising across the country in connection with the DAIMLER Marks.  As a direct result of Daimler's extensive use and promotion of the DAIMLER Marks, Daimler has established the DAIMLER Marks as famous and/or well-known distinctive marks among U.S. purchasers of motor vehicles and wheels as well as among the general members of the U.S. public.

15.     The DAIMLER Marks became famous prior to any use thereof by CARiD.

16.     The DAIMLER Marks symbolize the goodwill of Daimler, and have become assets of incalculable value to Daimler.

17.     To create and maintain goodwill among its customers, Daimler and its subsidiaries and/or licensees have taken substantial steps to assure that all authorized dealers and service providers using the DAIMLER Marks are of the highest quality.

18.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Daimler's federal registration certificates of the DAIMLER Marks are *prima facie* evidence of their validity.

19.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the marks "CL 65" (U.S. Reg. No. 2,876,643), "MERCEDES-BENZ" (U.S. Reg. No. 657,386), "C-CLASS" (U.S. Reg. No. 2,712,292), "CL-CLASS" (U.S. Reg. No. 2,028,111), "S-CLASS" (U.S. Reg. No. 2,716,842), "E-CLASS" (U.S. Reg. No. 2,599,862), "G-CLASS" (U.S. Reg. No. 2,028,107), "SL-CLASS" (U.S. Reg. No. 3,103,610), "CLK-CLASS" (U.S. Reg. No. 2,028,112), "SLK-CLASS"

(U.S. Reg. No. 2,026,254), and "M-CLASS" (U.S. Reg. No. 2,815,926) have each become incontestable.  Copies of the notices acknowledging the incontestability of these marks are respectively attached hereto as sub-part (d) in Exhibits 2, 3, 8, 9, 11, 12, 13, 15, 16, 18, and 19.

20.    Based on their incontestability, the federal registrations of the marks "MERCEDES-BENZ," "CL 65," "C-CLASS," "CL-CLASS," "S-CLASS," "E-CLASS," "G-CLASS," "SL-CLASS," "CLK-CLASS," "SLK-CLASS," and "M-CLASS"  are conclusive evidence of Daimler's exclusive right to use them in commerce in connection with automobiles and parts thereof.

21.    Daimler has never authorized or consented to CARiD's use of the DAIMLER Marks, or any confusingly similar marks by CARiD.  Further, Daimler has never authorized CARiD to copy, manufacture, import, market, sell or distribute any products bearing the DAIMLER Marks.

### Daimler's Design Patents

22.    Daimler also owns all rights, title and interest in the following U.S. Design patents:

| U.S. Design Patent No. And Issue Date | Representative View of Claimed Design |
|---|---|
| D569,776 ("the 'D776 Patent") Issued May 27, 2008 (Ex. 21) |  FIG. 2 |

| U.S. Design Patent No. And Issue Date | Representative View of Claimed Design |
|---|---|
| D570,760 ("the 'D760 Patent) Issued June 10, 2008 (Ex. 22) |   FIG. 2 |
| D542,211 ("the 'D211 Patent") Issued May 8, 2007 (Ex. 23) |   FIG.2 |

23.     True and correct copies of the foregoing U.S. Design Patents (collectively the "DAIMLER Patents") are attached hereto as Exhibits 21–23.

24.     Daimler and/or its predecessors in interest have expended much effort and resources to create the original artistic and ornamental designs claimed in the DAIMLER Patents.

25.     An assignment to Daimler of the 'D211 Patent and the applications that issued as the 'D760 Patent and the 'D776 Patent from its predecessor company, DaimlerChrysler AG, the original assignee, is recorded at Reel/Frame No. 20986/1.  Copies of the Abstracts of Title for the 'D776 Patent, the 'D760 Patent, and the 'D211 Patent, are respectively attached hereto as Exhibits

24–26.

26.    Pursuant to 35 U.S.C. § 282, the DAIMLER Patents and the claims therein, are each presumed valid.

27.    Following grant of each of the DAIMLER Patents, Daimler, its subsidiaries, and/or its licensees have continuously produced and sold wheels that embody the invention claimed therein, either in conjunction with a complete vehicle or as a stand-alone product.

**CARiD's Infringing Activities**

28.    CARiD has operated and continues to operate a website on the Internet at www.carid.com through which it advertises, offers for sale, and sells automobile components, including wheels. Among these wheels advertised, offered for sale, and sold through www.carid.com are the following (collectively the "Accused Products"):

a.    "WHEEL REPLICAS® - CL65 Gunmetal with Machined Face" (the "CL65 Wheel"). A printout of the direct webpage through which CARiD advertises, offers for sale, and/or sells the CL65 Wheel (http://www.carid.com/wheel-replicas-wheels/cl65-gunmetal-machined-17194873.html) is attached hereto as Exhibit 27 (visited on Nov. 1, 2015).

b.    "WHEEL REPLICAS® - SL63 Gunmetal with Machined Face" (the "SL63 Wheel"). A printout of the direct webpage through which CARiD advertises, offers for sale, and/or sells the SL63 Wheel (http://www.carid.com/wheel-replicas-wheels/sl63-gunmetal-machined-17202108.html) is attached hereto as Exhibit 28 (visited on Nov. 1, 2015).

c.    "OE CREATIONS® - 128 Chrome" (the "128 Chrome Wheel"). A printout of the direct webpage through which CARiD advertises, offers for sale, and/or sells the 128

Chrome Wheel (http://www.carid.com/oe-creations-wheels/128-chrome-23235263.html) is attached hereto as Exhibit 29 (visited on Nov. 1, 2015).

        d.    "OE CREATIONS® - 128 Hyper Silver" (the "128 Hyper Silver Wheel"). A printout of the direct webpage through which CARiD advertises, offers for sale, and/or sells the 128 Hyper Silver Wheel (http://www.carid.com/oe-creations-wheels/128-silver-23276874.html) is attached hereto as Exhibit 30 (visited on Nov. 1, 2015).

    29.    Further, www.carid.com includes a "Mercedes Rims & Custom Wheels" webpage (http://www.carid.com/mercedeswheels/) (the "Mercedes Rims Page"), a printout of which is attached hereto as Exhibit 31 (visited on Nov. 1, 2015).

    30.    The Mercedes Rims Page lists various DAIMLER Marks in order to direct consumers to selections of wheels that are not manufactured, sold or authorized by Daimler. CARiD, through the Mercedes Rims Page, is exploiting the DAIMLER Marks in a manner that is designed to cause confusion among consumers and that allows CARiD to pass off its own products as being endorsed by or affiliated with Daimler.

    31.    On July 24, 2015, Daimler's investigator purchased a set of four CL65 Wheels through the corresponding sale webpage (*see* Ex. 27) for a total price of $770.96. On July 24, 2015, Daimler's investigator purchased a set of four SL63 Wheels through the corresponding sale webpage (*see* Ex. 28) for a total price of $707.20. As shown in the documentation of these purchase orders and the corresponding deliveries, attached hereto as Exhibits 32a and 32b, the purchased sets of CL65 Wheels and SL63 Wheels were both shipped from CARiD.COM, 14525 Yorba Avenue, Chino, CA 91710. The CARiD.COM location/facility that shipped the purchased Accused Products is owned or otherwise controlled by CARiD and/or its agents.

    32.    The purchased CL65 Wheels and SL63 Wheels were inspected to verify that they

are not authorized by Daimler, its subsidiaries, or licensees.

33.     The CL65 Wheel embodies the design of the 'D211 Patent, as demonstrated by photographs of the purchased CL65 Wheels attached hereto as <u>Exhibit 33</u>, as well as the pictures on the corresponding sale webpage (*see* Ex. 27).

34.     The SL63 Wheel embodies the design of the 'D760 Patent, as demonstrated by photographs of the purchased SL63 Wheels attached hereto as <u>Exhibit 34</u>, as well as the pictures on the corresponding sale webpage (*see* Ex. 28).

35.     The 128 Chrome Wheel and 128 Hyper Silver Wheel each embody the design of the 'D776 Patent, as demonstrated by the pictures on the corresponding sale webpages (*see* Exs. 29 and 30).

36.     On information and belief, in addition to offering the Accused Products for sale CARiD has actually sold each of the Accused Products to consumers through the www.carid.com website and the sale webpages thereof.

37.     By the sales of the CL65 Wheels and SL63 Wheels, the direct webpages for the Accused Products, and the Mercedes Rims Page, CARiD is using marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the DAIMLER Marks, to sell and offer for sale unauthorized products that bear a substantially similar design to one of the DAIMLER Patents.

38.     CARiD's alleged conduct and use began long after Daimler's adoption and use of the DAIMLER Marks and DAIMLER Patents, after Daimler obtained the trademark and patent registrations alleged above, and after the DAIMLER Marks became famous.

39.     Pursuant to 35 U.S.C. § 287, this Complaint provides CARiD actual notice of the DAIMLER Patents.

40.     CARiD has actual knowledge of Daimler's use of and rights in the DAIMLER Marks and/or DAIMLER Patents.  Through its www.carid.com website, CARiD is willfully infringing upon Daimler's rights in order to capitalize upon and profit from Daimler's reputation and goodwill.

41.     Neither Daimler nor any authorized agent of Daimler's has consented to CARiD's use of the DAIMLER Marks or DAIMLER Patents in the manner alleged herein.

42.     CARiD's conduct as alleged herein has been willful, wanton, and in bad faith, and with the intent to dilute the DAIMLER Marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the course, sponsorship and/or affiliation of CARiD, and/or CARiD's counterfeit and unauthorized goods.  By their wrongful conduct, CARiD has traded upon and diminished Daimler's goodwill.

43.   As a result of the Defendants' unlawful infringing activities, Daimler has suffered irreparable harm, and, unless Defendants are enjoined by this Court, will continue to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT I**
**Infringement of U.S. Design Patent No. D570,760**
**(35 U.S.C. § 1 *et seq.*)**

44.     Daimler realleges and incorporates by reference the allegations set forth above.

45.     CARiD is infringing the 'D760 Patent by manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States, products that have substantially the same design as the 'D760 Patent in the eye of an ordinary observer, including at least the SL63 Wheel.

46.     CARiD's continued infringement of the 'D760 Patent is intentional based on knowledge of the 'D760 Patent at least through the filing of this action.

13

47.     CARiD has gained profits by virtue of its infringement of the 'D760 Patent, while Daimler has sustained damages as a direct and proximate result of CARiD's infringing activities alleged herein.

48.     The aforementioned acts of infringement by CARiD have caused, and unless enjoined by this Court will continue to cause, irreparable harm to Daimler for which there is no adequate remedy at law.

## COUNT II
## Infringement of U.S. Design Patent No. D542,211
### (35 U.S.C. § 1 *et seq.*)

49.     Daimler realleges and incorporates by reference the allegations set forth above.

50.     CARiD is infringing the 'D211 Patent by manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States, products that have substantially the same design as that of the 'D211 Patent in the eye of an ordinary observer, including at least the CL65 Wheel.

51.     CARiD's continued infringement of the 'D211 Patent is intentional based on knowledge of the 'D211 Patent at least through the filing of this action.

52.     CARiD has gained profits by virtue of its infringement of the 'D211 Patent, while Daimler has sustained damages as a direct and proximate result of CARiD's infringing activities alleged herein.

53.     The aforementioned acts of infringement by CARiD have caused, and unless enjoined by this Court will continue to cause, irreparable harm to Daimler for which there is no adequate remedy at law.

## COUNT III
## Infringement of U.S. Design Patent No. D569,776
### (35 U.S.C. § 1 *et seq.*)

54.    Daimler realleges and incorporates by reference the allegations set forth above.

55.    CARiD is infringing the 'D776 Patent by manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States, products that have substantially the same design as that of the 'D776 Patent in the eye of an ordinary observer, including at least the 128 Chrome Wheel and the 128 Hyper Silver Wheel.

56.    CARiD's continued infringement of the 'D776 Patent is intentional based on knowledge of the 'D776 Patent at least through the filing of this action.

57.    CARiD has gained profits by virtue of its infringement of the 'D776 Patent, while Daimler has sustained damages as a direct and proximate result of CARiD's infringing activities alleged herein.

58.    The aforementioned acts of infringement by CARiD have caused, and unless enjoined by this Court will continue to cause, irreparable harm to Daimler for which there is no adequate remedy at law.

## COUNT IV
## Federal Trademark Infringement and Counterfeiting
### (Lanham Act Sections 32(1) & 35, 15 U.S.C. §§ 1114(1) & 1117)

59.    Daimler realleges and incorporates herein by reference the allegations set forth above.

60.    CARiD's use of the registered DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of wheels through www.carid.com is likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of CARiD's products and website.

61.     CARiD's advertisements and/or offers for sale using marks and/or designations that are identical or substantially the same as the DAIMLER Marks for products that are not affiliated with, sponsored by, or authorized by Daimler, constitutes trademark counterfeiting.

62.     CARiD's actions as alleged herein constitute use in commerce of reproductions, copies, or colorable imitations of the registered DAIMLER Marks in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

63.     CARiD's actions as alleged herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in the registered DAIMLER Marks with intent to trade off Daimler's vast goodwill in its marks.

64.     As a direct and proximate result of CARiD's conduct as alleged herein, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while CARiD profits at its expense.

65.     Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by CARiD's use of counterfeit marks in the advertisement and/or offer for sale of wheels.  Unless CARiD is permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

66.     CARiD's continued and knowing use of the registered DAIMLER Marks without Daimler's consent or authorization as alleged herein constitutes intentional infringement of Daimler's federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114. Based on such conduct Daimler is entitled to injunctive relief as well as monetary damages, and other remedies provided by 15 U.S.C. § 1117, including CARiD's profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

67. Each and every separate act of federal trademark infringement by CARiD constitutes a separate claim herewith.

## COUNT V
## Federal Unfair Competition and False Designation of Origin
### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

68. Daimler realleges and incorporates herein by reference the allegations set forth above.

69. CARiD's unauthorized use of the DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of the Accused Products through the webpages of www.carid.com falsely designates, describes or represents the Accused Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Accused Products with Daimler, or as to the sponsorship or approval of said products by Daimler.

70. CARiD's actions as alleged herein have diminished the goodwill in the DAIMLER Marks which Daimler has built up at great labor and expense.

71. CARiD's actions as alleged herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72. CARiD's actions as alleged herein with respect to the DAIMLER Mark are likely to cause Daimler to suffer economic harm and/or are likely to result in unjust enrichment to CARiD.

73. CARiD's actions as alleged herein with respect to the DAIMLER Marks have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in its marks.

74. As a result of the foregoing alleged actions of CARiD, Daimler has been injured and damaged. Unless the foregoing alleged actions of CARiD are enjoined, Daimler will continue

to suffer injury and damage.

## COUNT VI
### Trademark Dilution
### (Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

75.     Daimler realleges and incorporates by reference the allegations set forth above.

76.     The DAIMLER Marks are distinctive and famous, and have been since prior to CARiD's unauthorized use thereof.

77.     The DAIMLER Marks have powerful consumer associations such that even non-competing uses can impinge on their value.

78.     CARiD's activities as alleged herein have diluted the distinctive quality of the DAIMLER Marks in violation of 15 U.S.C. § 1125(c).

79.     CARiD willfully intended to trade on Daimler's reputation and/or cause dilution of the DAIMLER Marks, entitling Daimler to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

80.     CARiD's acts have caused and will continue to cause Daimler irreparable harm. Daimler has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by CARiD's unlawful acts, unless they are enjoined by this Court.

81.     Each and every separate act of trademark dilution by CARiD constitutes a separate claim herein.

## COUNT VII
### Common Law Unfair Competition/Trademark Infringement
### (Common Law of New Jersey)

82.     Daimler realleges and incorporates by reference the allegations set forth above.

83.     CARiD's actions as alleged herein with respect to the DAIMLER Marks constitute

trademark infringement and unfair competition in violation of the common law of New Jersey.

84.    CARiD's actions as alleged herein with respect to the DAIMLER Marks has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the source, origin, or sponsorship of CARiD's website www.carid.com and the Accused Products.

85.    CARiD's actions with respect to the DAIMLER Marks have caused and, unless restrained by this Court, will continue to cause, serious and irreparable damage to Daimler, including within this State, for which Daimler is entitled to relief under the common law.

86.    As a result of the foregoing actions of CARiD, Daimler has been irreparably injured. Unless the foregoing alleged actions of CARiD are enjoined, Daimler will continue to suffer such injury.

**COUNT VIII**
**<u>Unfair Competition</u>**
**(New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 *et seq*.)**

87.    Daimler realleges and incorporates by reference the allegations set forth above.

88.    CARiD's actions as alleged herein with respect to the DAIMLER Marks constitute unfair competition in violation of the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 *et seq*., in that CARiD has engaged in unfair or deceptive acts or practices in the conduct of trade or commerce.

89.    CARiD's unauthorized use of the DAIMLER Marks is confusing and deceptive to the public, and has caused damage to Daimler's business reputation, to the DAIMLER Marks, and other rights and properties in an amount to be determined at trial.  Daimler is entitled to injunctive relief, attorneys' fees and costs, and other equitable relief as this Court may order.

**PRAYER FOR RELIEF**

WHEREFORE, Daimler prays for the following relief:

1.      Entry of a judgment that CARiD has directly infringed the 'D760 Patent, the 'D211 Patent, and the 'D776 Patent;

2.      Grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining CARiD and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the 'D760 Patent, the 'D211 Patent, and the 'D776 Patent;

3.      Entry of a judgment awarding Daimler all damages adequate to compensate for CARiD's infringement of each of the 'D760 Patent, the 'D211 Patent, and the 'D776 Patent in an amount to be proven at trial, and in no event less than a reasonable royalty for CARiD's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.      Entry of a judgment awarding Daimler all damages, including treble damages, based on any infringement of the 'D760 Patent, the 'D211 Patent, and/or the 'D776 found to be willful pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.      Entry of a judgment that this is an exceptional case and an award to Daimler of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

6.      Entry of a judgment that CARiD has infringed the DAIMLER Marks and/or used counterfeits of the DAIMLER Marks in commerce in violation of Daimler's rights under 15 U.S.C. § 1114(1) and under the common law.

7.      Entry of a judgment that CARiD's activities are likely to, or have, diluted the famous DAIMLER Marks in violation of Daimler's rights under 15 U.S.C. § 1125(c);

8.      Entry of a judgment that CARiD has competed unfairly with Daimler in violation of Daimler's rights under 15 U.S.C. § 1125(a) and the common law;

9.      Entry of a judgment that CARiD's activities have violated the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 *et seq.*;

10.     Entry of an order directing CARiD to provide to Daimler for destruction any and all unlawful products or materials, and to compensate Daimler for any and all advertising or other expenses necessary to dispel the public confusion caused by CARiD's unlawful acts;

11.     Entry of a judgment against CARiD for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate Daimler for CARiD's wrongful use of the DAIMLER Marks, including reasonable attorneys' fees and costs;

12.     Alternatively, instead of actual profits and damages, entry of a judgment awarding Daimler statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c); which, given CARiD's use of counterfeits of at least 19 distinct registered trademarks owned by Daimler, as further alleged herein, amounts to statutory damages at least as high as $38,000,000;

13.     Entry of a judgment against CARiD for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in CARiD's unlawful acts alleged herein with respect to the DAIMLER Marks, said award to equal at least treble Daimler's actual damages under 15 U.S.C. § 1117; and

14.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Daimler hereby demands trial by jury on all issues raised by the Complaint.

Respectfully submitted,

**HODGSON RUSS LLP**

/s/ Jacquelyn R. Trussell
Jacquelyn R. Trussell (Bar No. 035762004)
1540 Broadway, 24th Floor
New York, New York 10036
Telephone:  (212) 751-4300
Facsimile:  (212) 751-0928
jtrussel@hodgsonruss.com
*Counsel for Plaintiff Daimler AG*

**THE MARBURY LAW GROUP, PLLC**
Shauna M. Wertheim
Timothy W. Johnson
Joanna L. Cohn
11800 Sunrise Valley Drive, Suite 1000
Reston, Virginia 20191
Telephone:  (703) 391-2900
Facsimile:  (703) 391-2901
swertheim@marburylaw.com
tjohnson@marburylaw.com
jcohn@marburylaw.com
*To Be Admitted as Pro Hac Vice Counsel for Plaintiff Daimler AG*

Dated:  April 11, 2016