John F. Ward, Esq.
Michael J. Zinna, Esq.
Vincent P. Rao II, Esq.
Michael A. Innes, Esq.
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey  07054
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: jward@kelleydrye.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAIMLER AG, a German Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ONYX ENTERPRISES INT'L CORP, a New Jersey Corporation d/b/a CARID.COM,<br><br>Defendant. | Civil Action No. 2:16-cv-01993-CCC-MF<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendant Onyx Enterprises Int'l Corp. d/b/a CARiD.com ("Onyx"), by its undersigned counsel, hereby files its Answer, Affirmative Defenses and Counterclaims to the Complaint of Daimler AG ("Daimler"), denying all allegations of the Complaint unless specifically admitted, and respectfully states:

**ANSWER**

**NATURE OF THE ACTION**

1. Onyx admits that Daimler purports to bring this action for design patent infringement, trademark infringement, counterfeiting, false designation of origin, unfair

competition, and related claims under federal and New Jersey State law; however, Onyx expressly denies any liability and denies all allegations of Paragraph 1 of the Complaint.

2. Onyx admits that Daimler purports to bring this action under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. §§ 1051 *et seq.*, under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, and under New Jersey State statutory and common law; however, Onyx expressly denies any liability and denies all allegations of Paragraph 2 of the Complaint.

### THE PARTIES

3. In response to Paragraph 3 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

4. Onyx admits the allegations of Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. Onyx admits that Daimler purports that this action arises under the patent and trademark laws of the United States and that this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338 and supplemental jurisdiction under 28 U.S.C. § 1367. Onyx expressly denies any liability thereunder and any remaining allegations of Paragraph 5.

6. Onyx admits that it is subject to personal jurisdiction in this Court, but denies the remaining allegations of Paragraph 6.

7. Onyx does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

8. In response to Paragraph 8 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

9. In response to Paragraph 9 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

10. In response to Paragraph 10 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

11. In response to Paragraph 11 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

12. In response to Paragraph 12 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

13. In response to Paragraph 13 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

14. In response to Paragraph 14 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

15. In response to Paragraph 15 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

16. In response to Paragraph 16 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

17. In response to Paragraph 17 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

18. In response to Paragraph 18 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

19. In response to Paragraph 19 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

20. In response to Paragraph 20 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

21. In response to Paragraph 21 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

22. In response to Paragraph 22 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

23. In response to Paragraph 23 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

24. In response to Paragraph 24 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

25. In response to Paragraph 25 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

26. In response to Paragraph 26 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

27. In response to Paragraph 27 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

28. Onyx admits that CARiD operates a website that sells automobile components. Onyx denies the remaining allegations of Paragraph 28 of the Complaint.

29. Onyx denies the allegations of Paragraph 29 of the Complaint.

30. Onyx denies the allegations of Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

32. In response to Paragraph 32 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

33. Onyx denies the allegations of Paragraph 33 of the Complaint.

34. Onyx denies the allegations of Paragraph 34 of the Complaint.

35. Onyx denies the allegations of Paragraph 35 of the Complaint.

36. Onyx denies the allegations of Paragraph 36 of the Complaint.

37. Onyx denies the allegations of Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

39. Onyx admits the allegations of Paragraph 39 of the Complaint.

40. Onyx denies the allegations of Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Onyx states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

42. Onyx denies the allegations of Paragraph 42 of the Complaint.

43. Onyx denies the allegations of Paragraph 43 of the Complaint.

## COUNT I

44. In response to Paragraph 44, Onyx incorporates by reference its responses to Paragraphs 1-43 of the Complaint.

45. Onyx denies the allegations of Paragraph 45 of the Complaint.

46. Onyx denies the allegations of Paragraph 46 of the Complaint.

47. Onyx denies the allegations of Paragraph 47 of the Complaint.

48. Onyx denies the allegations of Paragraph 48 of the Complaint.

## COUNT II

49. In response to Paragraph 49, Onyx incorporates by reference its responses to Paragraphs 1-48 of the Complaint.

50. Onyx denies the allegations of Paragraph 50 of the Complaint.

51. Onyx denies the allegations of Paragraph 51 of the Complaint.

52. Onyx denies the allegations of Paragraph 52 of the Complaint.

53. Onyx denies the allegations of Paragraph 53 of the Complaint.

## COUNT III

54. In response to Paragraph 54, Onyx incorporates by reference its responses to Paragraphs 1-53 of the Complaint.

55. Onyx denies the allegations of Paragraph 55 of the Complaint.

56. Onyx denies the allegations of Paragraph 56 of the Complaint.

57. Onyx denies the allegations of Paragraph 57 of the Complaint.

58. Onyx denies the allegations of Paragraph 58 of the Complaint.

## COUNT IV

59.     In response to Paragraph 59, Onyx incorporates by reference its responses to Paragraphs 1-58 of the Complaint.

60.     Onyx denies the allegations of Paragraph 60 of the Complaint.

61.     Onyx denies the allegations of Paragraph 61 of the Complaint.

62.     Onyx denies the allegations of Paragraph 62 of the Complaint.

63.     Onyx denies the allegations of Paragraph 63 of the Complaint.

64.     Onyx denies the allegations of Paragraph 64 of the Complaint.

65.     Onyx denies the allegations of Paragraph 65 of the Complaint.

66.     Onyx denies the allegations of Paragraph 66 of the Complaint.

67.     Onyx denies the allegations of Paragraph 67 of the Complaint.

## COUNT V

68.     In response to Paragraph 68, Onyx incorporates by reference its responses to Paragraphs 1-67 of the Complaint.

69.     Onyx denies the allegations of Paragraph 69 of the Complaint.

70.     Onyx denies the allegations of Paragraph 70 of the Complaint.

71.     Onyx denies the allegations of Paragraph 71 of the Complaint.

72.     Onyx denies the allegations of Paragraph 72 of the Complaint.

73.     Onyx denies the allegations of Paragraph 73 of the Complaint.

74.     Onyx denies the allegations of Paragraph 74 of the Complaint.

## COUNT VI

75.     In response to Paragraph 75, Onyx incorporates by reference its responses to Paragraphs 1-74 of the Complaint.

76. Onyx denies the allegations of Paragraph 76 of the Complaint.

77. Onyx denies the allegations of Paragraph 77 of the Complaint.

78. Onyx denies the allegations of Paragraph 78 of the Complaint.

79. Onyx denies the allegations of Paragraph 79 of the Complaint.

80. Onyx denies the allegations of Paragraph 80 of the Complaint.

81. Onyx denies the allegations of Paragraph 81 of the Complaint.

## COUNT VII

82. In response to Paragraph 82, Onyx incorporates by reference its responses to Paragraphs 1-81 of the Complaint.

83. Onyx denies the allegations of Paragraph 83 of the Complaint.

84. Onyx denies the allegations of Paragraph 84 of the Complaint.

85. Onyx denies the allegations of Paragraph 85 of the Complaint.

86. Onyx denies the allegations of Paragraph 86 of the Complaint.

## COUNT VIII

87. In response to Paragraph 87, Onyx incorporates by reference its responses to Paragraphs 1-86 of the Complaint.

88. Onyx denies the allegations of Paragraph 88 of the Complaint.

89. Onyx denies the allegations of Paragraph 89 of the Complaint.

## PRAYER FOR RELIEF

Onyx denies that Daimler is entitled to any relief, including the relief requested in this prayer for relief.

## DEMAND FOR JURY TRIAL

Onyx admits that Daimler has requested a trial by jury on all issues raised by the Complaint pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Onyx asserts the following Affirmative Defenses against Daimler's claims in the Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Onyx has not engaged in any acts that would constitute infringement of any valid and enforceable claim of the Daimler design patents or infringement, counterfeiting, false designation of origin, unfair competition, or dilution of any validly registered Daimler trademark.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The Daimler design patents and trademarks are invalid for failure to comply with one or more of the statutory requirements specified by 35 U.S.C. § 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and 15 U.S.C. § 1051 *et seq.*

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

The actions taken and representations made before the United States Patent and Trademark Office in procuring the Daimler design patents and trademarks preclude Daimler from asserting or construing the patents and trademarks in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Onyx, or made, used, sold or offered for sale by another entity whose conduct forms the basis of an allegation that Onyx contributed to or induced infringement.

### FOURTH AFFIRMATIVE DEFENSE
**(Equitable Defenses)**

Daimler's claims for relief are barred from recovery in this Court in whole or in part by the equitable doctrines of laches, estoppel, waiver, and acquiescence.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure To State A Claim)**

To the extent that Daimler believes that any paragraphs of its Complaint alleges willful infringement on behalf of Onyx, Onyx asserts that Daimler has failed to state a claim for willful infringement against Onyx upon which relief can be granted. The Complaint does not meet the standard for pleading willfulness set forth in Federal Rule of Civil Procedure 8 and by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).

### SIXTH AFFIRMATIVE DEFENSE
**(No Willful Infringement)**

Daimler has not properly plead willfulness. In any event, Daimler is not entitled to a finding of willful infringement because Onyx's activities have not been objectively reckless, and Onyx has an objectively reasonable basis for believing that the accused activities do not infringe the Daimler design patents and trademarks and/or that the Daimler design patents and trademarks are invalid and/or unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE
**(Injunction Not Warranted)**

Daimler is not entitled to injunctive relief because: (1) Daimler is not likely to prevail on the merits; (2) Daimler has not suffered nor will it suffer irreparable harm because of Onyx's conduct; (3) any harm to Daimler would be outweighed by the harm to Onyx if an injunction were entered; (4) Daimler has an adequate remedy at law even if it were to prevail in this action; (5) the

public interest would not be served by an injunction; and (6) Daimler is estopped from seeking an injunction.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Notice)

Upon information and belief, Daimler has failed to comply with the patent marking and notice requirements of 35 U.S.C. § 287 with respect to the Daimler design patents, which limits Daimler's recovery of damages, if any, for the alleged infringement.

### NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent that Daimler seeks to recover for any alleged infringement more than six years prior to the filing of this action, such recovery is barred by 35 U.S.C. § 286.

### TENTH AFFIRMATIVE DEFENSE
### (Fair Competition)

Onyx's alleged actions, to the extent true, constitute fair competition in business.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Justification and Privilege)

Daimler's purported claims are barred in whole or in part because Onyx's actions respecting the subject matter alleged in the Complaint, to the extent they were taken at all, were undertaken in good faith, and constitute lawful, proper and justified means to further its purpose of engaging in and continuing its business.

### TWELFTH AFFIRMATIVE DEFENSE
### (Remote, Speculative and Contingent Damages)

To the extent that Daimler claims damages that will be incurred in the future, such damages may not be recovered as they are remote, speculative and contingent.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Lack of Injury)

Daimler's purported claims for relief are barred in whole or in part based upon the absence of any actual injury.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Descriptive and Nominative Fair Use)

The use of the name, term or device charged to be an infringement is a use which is nominative and descriptive of and used fairly and in good faith only to describe the accused goods or services.

### Reservation of Right To Amend Under Rule 8(c)

Onyx reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent and trademark laws of the United States, the statutory and common law of the State of New Jersey, and any other defenses, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case.

### COUNTERCLAIMS

Onyx, through its attorneys, issues the following counterclaims against Daimler, and alleges upon information and belief as to acts of others as follows:

### PARTIES

1.      Onyx is a New Jersey Corporation, with its principal place of business at 1 Corporate Drive, Cranbury, New Jersey 08512.

2.      The Complaint alleges that Daimler AG is a German Corporation with a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.

## JURISDICTION

3. This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, the Trademark Laws of the United States, Title 15 of the United States Code, and the Declaratory Judgment Act, Title 28 of the United States Code, for a Declaratory Judgment of non-infringement and invalidity of the asserted Daimler design patents and trademarks.

4. In its Complaint, Daimler avers that it is the assignee of all right, title and interest in the asserted design patents and trademarks. Daimler has charged Onyx with infringement of those patents and trademarks in this Court. Onyx has denied the charges of infringement and has alleged that, *inter alia*, the Daimler design patents and trademarks are invalid. As a consequence of the foregoing, there is an actual and justiciable controversy existing between Onyx and Daimler with respect to which Onyx requires declaration by this Court.

5. This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331, 1337, 1338 and 1367, and 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Daimler in that, *inter alia*, Daimler voluntarily filed the Complaint to which these Counterclaims are directed in this Court.

7. To the extent that this action remains in this District, venue is appropriate for Onyx's counterclaims because Daimler has consented to the propriety of venue in this Court by filing its claims for patent infringement, trademark infringement and unfair competition in this Court.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement)**

8. Onyx incorporates the averments of Paragraphs 1-7 of these counterclaims as though fully set forth herein.

9. Onyx does not infringe, and has not infringed, any valid Daimler design patent or trademark.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

10. Onyx incorporates the averments of Paragraphs 1-9 of these counterclaims as though fully set forth herein.

11. The Daimler design patents are invalid for failure to comply with the conditions and requirements of the patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto. The Daimler trademarks are invalid for failure to comply with the conditions and regulations of the trademark laws, 15 U.S.C. §§ 1051 *et seq.*

## JURY DEMAND

Onyx demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Onyx prays for judgment against Daimler as follows:

A. That the Court dismiss all claims against Onyx with prejudice and that Daimler take nothing by way of the Complaint;

B. That the Court issue a declaratory judgment that Onyx does not infringe and has not infringed, literally or under the doctrine of equivalents, any valid and enforceable Daimler design patent or trademark;

C. That the Court issue a declaratory judgment that the asserted Daimler design patents and trademarks are invalid and without any force or effect;

D. That the Court enjoin Daimler, its officers, directors, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice

of the order by personal service or otherwise, from alleging, asserting, or stating that Onyx has infringed or is infringing the asserted design patents or trademarks, or that the design patents and trademarks are valid;

  E. That the Court find that this case is exceptional, and require Daimler to pay Onyx's attorneys' fees and costs pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a), or as otherwise permitted by law; and

  F. That the Court award Onyx such other relief as the Court may deem appropriate and just under the circumstances.

Dated: May 23, 2016         KELLEY DRYE & WARREN LLP


                By: */s/ John F. Ward*
                John F. Ward, Esq.
                Michael J. Zinna, Esq.
                Vincent P. Rao II, Esq.
                Michael A. Innes, Esq.
                KELLEY DRYE & WARREN LLP
                One Jefferson Road, 2nd Floor
                Parsippany, NJ  07054
                Telephone:  (973) XXX-5900
                Facsimile:   (973) XXX-5950
                Email:  jward@kelleydrye.com

                *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I certify that on this date I served Defendant's Notice of Taking Deposition to Plaintiff to all counsel of record via CM/ECF.

May 23, 2016                   */s/ John F. Ward*
                                               John F. Ward